FILED
SUPERIOR COURT
OF GUAM

2024 MAR -8 PM 4: 34

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| L.A., a minor person with a disability by and through her parent, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>KENNETH SWANSON, Ph.D., in his official capacity as Superintendent, Guam Department of Education, et al.,<br><br>Defendants. | **CIVIL CASE NO. CV0464-23**<br><br><br>**DECISION AND ORDER DENYING MOTION TO RECONSIDER** |

In this action to enforce the Every Child Is Entitled to An Adequate Public Education Act, Defendants[1] move the Court to reconsider its January 19, 2024 Order granting Plaintiffs leave to amend their First Amended Complaint. The Order permitted Plaintiffs to add eight more Plaintiffs, all of whom claim to be disabled students seeking adequate educational services.[2] Defendants contend they did not consent to the Statement of Non-opposition, filed by Deputy Attorney General Joseph Guthrie on their behalf, in response to the Plaintiffs' Motion to Amend.

**Legal Basis for Reconsideration.**

Defendants offer three authorities for reconsideration: Local Rule CVR 7.1 and Guam Rules of Civil Procedure 59 and 60. CVR 7.1 governs general motion practice, including pretrial

---

[1] Legal counsel for the Guam Department of Education filed this motion, on behalf of GDOE and presumably at the direction of Defendants Kenneth E. Swanson and Mary Okada, both of whom filed Declarations in support of the Motion. The Court notates those persons presenting this Motion as "Defendants."

[2] *Compare* First Am. Compl. (Aug. 18, 2023) *with* Second Am. Compl. (Jan. 22, 2024). Defendants have not filed an Answer to the Second Amended Complaint.

ORIGINAL

matters. *See* CVR 7.1(a). In contrast, by their language, Rules 59 and 60 apply to post-judgment relief. *See* GRCP 59(e) (motion to amend a judgment) and 60(b) (relief from final judgments or orders). While the Guam Supreme Court has ruled that a court does not err if it chooses to utilize Rules 59 and 60 when considering a pre-judgment reconsideration motion, the Guam Supreme Court has not mandated trial courts to do so. *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, 2014 Guam 12 ¶ 21. In addition, the court has limited Rule 59(e)'s use to extraordinary situations. *Id.*

Because CVR 7.1(i) appears directly applicable to the pre-judgment Order sought to be reconsidered here, the Court will confine its analysis to the standards provided by that local rule. CVR 7.1(i) allows reconsideration when "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision."

The Court is not persuaded that Defendants' presented basis mandates reconsideration because Defendants have, by all appearances, consented to Attorney Guthrie's authority to represent them before this Court. Prior to granting Plaintiffs an opportunity to amend their First Amended Complaint, the Court considered motions to withdraw from Attorneys Guthrie and Fred Nishihira, who claimed a conflict of interest in representing Defendants.[3] Throughout the briefing on the Motion to Withdraw, Defendants never consented to the withdrawal, and to this day, insist on Attorney Nishihira's continued involvement. *See* Decl. Kenneth Swanson (Feb. 9, 2024); Decl. Mary Okada (Feb. 9, 2024). Notably, GDOE's legal counsel also stated that he was available to act as Defendants' legal counsel in this litigation. Def. GDOE's Response (Oct. 16, 2023); Min. Entry at 2:22:22 (Nov. 1, 2023). In other words, Defendants had the ability to

---

[3] The Court ultimately determined the withdrawal issue moot. Order (Jan. 17, 2024).

ORIGINAL

utilize GDOE's legal counsel for this matter but have chosen to remain represented by Attorneys Guthrie and Nishihira.

While Plaintiffs contend that Attorney Guthrie did not obtain his clients' consent before filing the Statement of Non-opposition, Defendants are nonetheless bound by the acts of their attorney. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). Defendants willingly chose not to release Attorney Guthrie before the Statement was filed and are now bound by the positions he has taken. If Attorney Guthrie acted outside the scope of ethical representation, a different tribunal may consider the alleged wrongdoing.[4] As it concerns this case, however, Defendants cannot now avoid the consequences of the acts or omissions of their agent. *Link*, 370 U.S. at 633-34. *See also Lloyd v. Carnation Co.*, 101 F.R.D. 346, 348 (M.D.N.C. 1984) ("[T]he Court must keep in mind that Rule 60(b) is not meant to relieve any litigant of strategic or tactical decisions which later prove to be improvident. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.").

Furthermore, *Link* and other caselaw emphasize that the Court is in no position to obtain verifications by the parties of their consent to their counsel's activities at every step of the litigation. This is not the role of the Court and defies judicial efficiency. In addition, the Court's tolerance on this issue of Defendants' legal representation is not boundless within the context of this specific litigation. Guam law directs this Court to address Plaintiffs' claims with expediency. 7 GCA § 7116.1. Much time has already been spent on the issue of Defendants' representation. Because the Court determined the conflict of interest issue was moot, Defendants

---

[4] *See Schwarz v. U.S.*, 384 F.2d 833, 835-36 (2d Cir. 1967) ("[I]f the attorney's conduct was substantially below what is reasonable under the circumstances, the client's remedy is a suit for malpractice. If the trial court's commendable efforts to move business on its calendars are ever to succeed, they must be supported. A client damaged by such neglect has his remedy against counsel.").

have remained free to select their counsel of choice.[5] The Court urges Defendants to clarify their representation posture well before the April 22, 2024 evidentiary hearing and without further court involvement if possible.

**Rule 15 Considerations.**

Setting aside the basis argued by Defendants for reconsideration, a far more important issue is a basis they failed to argue. Crucially missing from Defendants' analysis is why they oppose the amendment of the First Amended Complaint. As is well known, the Guam Rules of Civil Procedure require that "leave shall be freely given when justice so requires." GRCP 15(a). Defendants fail to explain how—even if they had a second opportunity to respond to the motion for leave to amend—they would overcome this standard of liberal amendment. In doing so, they must demonstrate undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility. *Arashi & Co., Inc. v. Nakashima Enters., Inc.*, 2005 Guam 21 ¶ 16.

Defendants are instead silent on these pivotal considerations of undue delay, bad faith, undue prejudice, or futility. Moreover, by all indications, there is no proof on the record that any of these factors exist here. There is no undue delay or undue prejudice as the substantive aspects of this case remain unaddressed.[6] The Court also sees no evidence of bad faith on behalf of Plaintiffs.

Finally, the amendment is the opposite of futile because allowing the additional

---

[5] The Court acknowledges Attorney Guthrie filed a Second Motion to Withdraw, which is presently pending.

[6] Even though Plaintiffs filed the Motion to Amend on December 7, 2023, Defendants knew as early as November 1, 2023, that Plaintiffs intended to add up to eleven more plaintiffs. Min. Entry at 2:07:00, 2:24:41.

ORIGINAL

Plaintiffs' claims furthers judicial efficiency. For example, even if the Court denied leave or reconsidered its Order and struck the Second Amended Complaint, those additional Plaintiffs could still file a separate lawsuit against the same Defendants on the same issues, thereby duplicating the work done by all involved and risking conflicting adjudications. The interests of judicial efficiency require that one court hear the multiple, simultaneous lawsuits on the same issues.

In summary, because Defendants have not demonstrated a basis for reconsideration, the Court DENIES the Motion to Reconsider its January 19, 2024 Order Granting Plaintiffs' Motion to Amend the First Amended Complaint.

**SO ORDERED, 8 March 2024.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Daniel Somerfleck, Esq., Guam Legal Services Corporation, for Plaintiffs
Joseph A. Guthrie, Esq., & Fred S. Nishihira, Esq., Office of the Attorney General of Guam
Jess Nasis, Esq., Legal Counsel, GDOE

ORIGINAL